IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **BRADY BYRUM,** ) | | |
|     Petitioner, ) | | |
| ) | | |
| **v.** ) | 3:06-CV-1616-G | |
| ) | ECF | |
| **ROCKWALL COUNTY SHERIFF,** ) | | |
|     Respondent. ) | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a petition for a writ of habeas corpus brought by a county inmate pursuant to 28 U.S.C. § 2241.

Parties: Petitioner filed this action while incarcerated at the Rockwall County Jail in Rockwall, Texas. His whereabouts are currently unknown.

Findings and Conclusions: On September 5, 2006, Petitioner filed this action seeking to be released from confinement. The Sheriff's records reflect that Petitioner was released from confinement on September 6, 2006, at 9:24 p.m. See http://www.rockwallcountytexas.com/judicialsearch. Nevertheless, on September 7, 2006, the Magistrate Judge issued a questionnaire to Petitioner in an abundance of caution. (Docket # 5). On September 20, 2006, the questionnaire was returned to the Court with the notation return to sender, unable to forward.

(Docket #6). As of the date of this recommendation, Petitioner has failed to notify the court of his change of address. The fact that he may not have been on notice that he needed to advise the court of his address change (*see* Docket #4 and #6) does not excuse his failure to contact the Court during the last twenty days about the status of his case. The Court is not required to delay disposition of the current case until such time as Petitioner provides his current address.

Rule 41(b), of the Federal Rules of Civil Procedure, allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127(5th Cir. 1988). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)). Therefore, this case should be dismissed without prejudice for want of prosecution. *See* Fed. R. Civ. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified); *Callip v. Harris County Child Welfare Department*, 757 F.2d 1513, 1519 (5th Cir. 1985) (setting out higher standard for dismissals with prejudice for want of prosecution).

Alternatively, Petitioner's release from confinement renders his habeas petition moot. Whether a case is moot is a jurisdictional matter, since it implicates the Article III requirement that there be a live case or controversy. This Court is obliged to raise the subject of mootness *sua sponte*. *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987); *Donovan v. Air Transport District Lodge No. 146,* 754 F.2d 621, 624 (5th Cir. 1985).

The gravamen of the petition is that Petitioner was unlawfully confined following his

arrest on September 2, 2006.  Petitioner's release renders moot the relief sought in his petition.  *See Bailey*, 821 F.2d at 278-79.  Dismissal of his petition as moot is therefore appropriate.  *See McRae v. Hogan*, 576 F.2d 615, 616-17 (5th Cir. 1978).

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition be DISMISSED without prejudice for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b).  Alternatively, it is recommended that the petition be DISMISSED as moot.

A copy of this recommendation will be mailed to Petitioner's last known address.

Signed this 25th day of September, 2006.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.